UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REGINALD DOSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-00327-TWP-MPB |
| ) | |
| DUSHAN ZATECKY, Superintendent ) | |
| Pendleton Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Reginald Doss for a writ of habeas corpus challenges a prison disciplinary proceeding in STP 15-10-0028 in which he was found guilty of threatening. For the reasons explained in this entry, Doss's habeas petition must be **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On October 7, 2015, Ofc. J. Spears wrote a Report of Conduct charging Doss with threatening, offense B-213. The conduct report states:

> I, Mr. Spears, on October 7, 2015 at 2:00 pm did observe Off. Reginald Doss DOC 249558 threaten me while trying to address Off. Doss for not having his shirt on, Off. Doss became very aggressive and got into my face stating "I'm going to fuck you up!" Off. Doss then exited recreation, ignoring all orders to stop. Off. Doss then turned back around and stated "I am going to spill your blood on this walk!"

On October 29, 2015, Doss was notified of the charge of threatening (B-213) and served with a copy of the conduct report and the screening report. Doss was notified of his rights and pleaded not guilty. It is disputed whether Doss requested a lay advocate.[1] He did not request any physical evidence, but requested the following witnesses: Demetrius Russel and Brad Wilson, who submitted written statements. Russel provided the following statement:

> Me and Doss, Reginald was working out and Mr. Spears came cursing stating you had your shirt off. The hole [sic] time it was me who had my shirt off. When I saw him coming I hurried up and put it back on. (Dkt. 9-3).

Wilson provided the following statement:

> I did not here [sic] Doss threatening Spears, I seen [sic] Doss walking away from Spears and Doss told Spears simply to get away from me "I have my shirt on." Doss was going back to his dorm when Spears put his hands on him to guide him to come came [sic] back and Doss simply defended himself. (Dkt. 9-4).

On November 18, 2015, after two postponements, a disciplinary hearing was held in case STP 15-10-0028 (Ex. C). Doss pleaded not guilty and provided the following statement:

> I had my shirt on so I kept walking. I didn't threaten him. I kept walking with my all my [sic] dorm. There was no reason to.

---

[1] The respondent asserts that Doss originally requested a lay advocate, but he later decided that he did not want a lay advocate and initialed the document to show that change. Doss asserts that he was denied a lay advocate.

The disciplinary hearing officer ("DHO") found Doss guilty of threatening. In making this determination, the DHO considered staff reports, the statement of the offender, and evidence from witnesses. Specifically, the DHO stated: "DHB finds guilty due to report and statement and evidence." (Dkt. 9-7). The hearing officer imposed the following sanctions: a written reprimand, 90 days' change in work/housing, 30 days' lost phone privileges, 90 days' lost earned credit time, and a demotion from credit class two to credit class three. As reason for the sanctions, the DHO checked the boxes for seriousness of the offense, the offender's attitude and demeanor during the hearing, and the likelihood of the sanction having a corrective effect on offender's future behavior.

Doss's appeals were denied and he filed the present petition for a writ of habeas corpus.

### III. Analysis

Doss alleges that his due process rights were violated during the disciplinary proceeding because the DHO did not consider the evidence he presented, that he was denied a lay advocate.

    1. Consideration of the Evidence

Doss argues that the DHO did not consider the evidence that he presented and that this amounted to the denial of the right to an impartial decision-maker.

First, Doss's argument that the DHO failed to consider his evidence can be considered to be a challenge to the sufficiency of the evidence. The Report of the Disciplinary Proceeding states that the DHO noted the witness statements, and considered his statement and the staff report. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v.*

*McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786. Here, the conduct report, stating that Doss became aggressive with Officer Spears and verbally threatened to injure him is sufficient evidence to support the guilty finding. The fact that conflicting evidence was presented does not detract from this conclusion because the Court is not in a position to reweigh the evidence considered by the DHO. Further, the mere fact that Doss disagrees with the conclusion of the hearing officer is insufficient to show bias. *See Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir.2003) ("Adjudicators are entitled to a presumption of honesty and integrity.").

### 2. Lay Advocate

Doss also argues that his due process rights were violated because he was denied a lay advocate. The respondent argues that Doss has procedurally defaulted this claim because he did not raise it in his disciplinary appeal. To obtain review of a claim for habeas relief, a prisoner must first exhaust his state administrative remedies. *Markham v. Clark*, 978 F.2d 993, 995–96 (1992); *see* 28 U.S.C. § 2254(b)(1)(A), (c). Exhaustion requires that the prisoner present each claim he seeks to raise in his habeas petition at each level of the administrative appeals process. *Markham*, 978 F.2d at 995-96; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The prisoner must provide sufficient information to put a reasonable prison official on notice as to the nature of his

4

claim, so that the prison officials are afforded an opportunity to correct any problems. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Failure to exhaust a claim results in a procedural default that bars federal habeas relief. *Id.* at 981-82. Here, it is undisputed that Doss did not raise his claim regarding a lay advocate in his appeal and he has not shown sufficient cause for his failure to do so. Accordingly this claim is procedurally defaulted.

Even if Doss had not procedurally defaulted this claim, he has failed to show that the alleged denial of a lay advocate resulted in the denial of due process. A prisoner in a disciplinary proceeding has no right to a lay advocate unless the inmate is illiterate or the complexity of the issue makes it unlikely that the inmate will be able to collect and present evidence. *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th. Cir. 1992) (citing *Wolff*, 418 U.S. at 571). Doss has therefore failed to show a violation of his due process rights with regard to the denial of a lay advocate.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. It is difficult to overcome the "some evidence in the record" hurdle, and the court is not permitted to judge the credibility of witnesses or consider the relative weight of the evidence.  Accordingly, Doss's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/28/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

REGINALD DOSS
DOC # 249558
PENDLETON CORRECTIONAL FACILITY

Electronic Service Participant -- Court Only